IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EMILY B. COCHRAN,

    Plaintiff,

v.

BMA MANAGEMENT, LTD.,
d/b/a CAMBRIDGE HOUSE,

    Defendant.                                             Case No. 08-cv–215-DRH

## ORDER

**HERNDON, Chief Judge:**

Before the Court is defendant BMA Management, Ltd., d/b/a Cambridge House's ("BMA") Motion to Dismiss Plaintiff's Complaint (Doc. 9), pursuant to **FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), 12(b)(2)** and **12(b)(4)**. In support, BMA argues that there is no such entity as BMA Management, Ltd., d/b/a Cambridge House. Because said defendant does not actually exist and is therefore not a proper party in interest, BMA argues this Court lacks subject matter jurisdiction as well as personal jurisdiction as to hear Plaintiff's cause of action. BMA further argues that the service of process should be null and void. BMA's Motion states that BMA intends to file an affidavit supporting its Motion to Dismiss within 10 days.

Subsequently, BMA filed a Motion For Additional Time to File an Affidavit in Support of Its Motion to Dismiss (Doc. 10), seeking an additional 14 days to file said affidavit. BMA has since filed the affidavit (Doc. 12).

In Response, Plaintiff filed a Motion to Strike Defendant's Motion to Dismiss (Doc. 11), wherein she asserts that the Motion to Dismiss should be stricken for failure to have a supporting brief, in accordance with Local Rule 7.1. Further, Plaintiff asserts that because BMA's Motion to Dismiss is not proper and because BMA failed to otherwise file its Answer within the time allowed under the Federal Rules of Civil Procedure, it is technically in default. Thus, Plaintiff requests the Motion to Dismiss be stricken and that the Court instruct BMA to file its Answer.

Rule 7.1 of the Local Rules of the United States District Court for the Southern District of Illinois states, in pertinent part:

> (c) Motions to remand, to dismiss, for judgment on the pleadings, for summary judgment, and all post-trial motions shall be supported by a brief. ***The motion and brief may be combined into a single paper.***
>
> (d) All briefs shall contain a short, concise statement of the party's position, together with citations to relevant legal authority and to the record.

**S.D. ILL. L.R. 7.1 (emphasis added).**

Here, BMA's Motion to Dismiss was a "single paper," which, unlike Plaintiff suggests, is allowed under L.R. 7.1(c). BMA also cites **FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), 12(b)(2)** and **12(b)(4)** as supporting legal authority. While the Court does not seek to encourage this minimalistic dispositive motions

practice, it finds the Motion to Dismiss meets the threshold requirements under L.R. 7.1 and therefore, it must **DENY** Plaintiff's Motion to Strike (Doc. 11). Additionally, the Court **GRANTS** BMA's Motion for Additional Time to File an Affidavit in Support of Its Motion to Dismiss (Doc. 10), noting that the affidavit has already been filed.

As Plaintiff has recently filed a Response (Doc. 13) to BMA's Motion to Dismiss, the Court will now address the merits of BMA's Motion. Again, BMA seeks dismissal of Plaintiff's Complaint, asserting that the named Defendant does not actually exist, and therefore, proper service was not effectuated and the Court fails to have either personal jurisdiction or subject matter jurisdiction. The affidavit supporting BMA's Motion to Dismiss is that of Jo Ellen Bleavins, who avers to be the Director of Operations and Vice President for BMA Management Company, Ltd (Doc. 12 - Bleavins Aff., ¶ 3). Bleavins claims that BMA Management Company, Ltd. is an independent company organized under the laws of Illinois and currently does not, nor has it ever conducted business as Cambridge House, nor does it own Cambridge House (*Id*. at ¶¶ 5-6). She further claims that there is no entity called BMA Management Company, Ltd. d/b/a Cambridge House (*Id*. at 7).

Responding, Plaintiff recognizes that BMA is seeking a dismissal, asserting that there is a misnomer. Plaintiff notes that Bleavins, in her Affidavit, claims no corporate affiliation with Cambridge House, but does make reference to both a BMA Management Company, Ltd., and a BMA Management, Ltd. (Doc. 13, p. 1, citing Blevins Aff., ¶ 4). In support, Plaintiff submits exhibits, showing corporation searches conducted on the Illinois Secretary of State electronic corporation database,

showing that there is no Illinois corporation known as "BMA Management *Company*, Ltd." (Doc. 13, Ex. 2). However, the search reveals that a corporation identified as "BMA Management, Ltd." is shown to be in good standing in the state of Illinois (*Id*. at Ex. 1).

Plaintiff further states that the website of BMA Management, Ltd., shows Jo Ellen Bleavins as the Director of Operations for BMA Management, Ltd. (*Id*. at Ex. 3). There is no reference to "BMA Management *Company*, Ltd." on this website. The website also shows that BMA Management, Ltd., operates a facility called "Cambridge House of Maryville" (*Id*. at Ex. 5). Plaintiff also references several letters received from BMA Management, Ltd, in conjunction with her employment with BMA (central to the issues of this case), which make reference to "Cambridge House/BMA Management, Ltd.," as well as a letter responding to the EEOC charges Plaintiff filed prior to filing this suit, wherein counsel signs it "on behalf of BMA Management, Ltd., and Cambridge House" (*Id*. at Exs. 6-8).

Plaintiff argues that from the evidence, it is clear BMA is the proper party Defendant in this case and it should have filed an Answer, rather than its Motion to Dismiss. Any misnomer problems, Plaintiff claims, were caused by BMA's constant references to Cambridge House in association with its own name. Therefore, Plaintiff asks that the Court deny BMA's Motion to Dismiss and also asks that Defendant be made to file its Answer. Alternatively, Plaintiff seeks leave to amend her Complaint to correct any alleged misnomer, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 15(a)** and **(c)**.

First, the Court notes that even though this is a **Rule 12** Motion to Dismiss, because BMA moves for a dismissal, asserting lack of subject matter jurisdiction among other grounds, the Court can consider matters outside of the pleadings, such as the exhibits attached to Plaintiff's Response. ***See Roman v. U.S. Postal Serv.*, 821 F.2d 382, 385 (7th Cir. 1987) ("It is proper for the district court to look beyond the jurisdictional allegations in the complaint and to view whatever evidence has been submitted in determining whether subject matter jurisdiction exists under Rule 12(b)(1).")**. Here, the exhibits make it clear that the correct party defendant would not be "d/b/a Cambridge House," but it appears that BMA is the correct party defendant, absent Plaintiff's misnomer. Therefore, the Court does not believe BMA has sufficiently shown that there is a lack of subject matter jurisdiction or personal jurisdiction or insufficiency of process in order to dismiss this matter. Regardless, under **Rule 15(a)**, Plaintiff can amend her Complaint once before a responsive pleading is served. **FED. R. CIV. P. 15(a)**. BMA has only filed a Motion to Dismiss, which is not considered a "responsive pleading" for purposes of **Rule 15(a)**. ***Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008)**.

For these reasons, BMA's Motion to Dismiss (Doc. 9) is **DENIED**. Pursuant to **Rule 15(a)**, Plaintiff may file her Amended Complaint. Should her claims be outside of the applicable statute of limitations, she should instead file a Motion for Leave to Amend Complaint Pursuant to Rule 15(c), to argue why leave

would be proper (as this was not adequately specified or otherwise addressed in her Response). Plaintiff shall file her Amended Complaint or Rule 15(c) Motion for Leave by October 22. 2008.

       **IT IS SO ORDERED**.

       Signed this 7th day of October, 2008.

       /s/      David R Herndon
       **Chief Judge**
       **United States District Court**