EMILY B. COCHRAN,

    Plaintiff,

v.

BMA MANAGEMENT, LTD.,

    Defendant.                                       Case No. 08-cv-215-DRH-CJP

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I. INTRODUCTION

Before the Court is defendant BMA Management, Ltd.'s ("BMA" or "Defendant") Motion to Dismiss Plaintiff's Amended Complaint (Doc. 26). Plaintiff has timely responded (Doc. 32). For the reasons as discussed herein, the Court finds it has subject matter jurisdiction over Plaintiff's claims and must therefore deny Defendant's motion.

### II. BACKGROUND

Plaintiff Emily Cochran, an African-American, was employed by Defendant as a certified nurses assistant (CNA) at its assisted care facility, located in Maryville, Illinois, during the years 2006 and 2007 (Doc. 25 - Amended Comp., p. 1, ¶¶ 1-3, p. 8, ¶ 8). Her Amended Complaint brings four counts against Defendant. Count 1 is a claim of race discrimination brought pursuant to Title VII

of the Civil Rights Act of 1964, as amended in 1991 (*Id*., pp. 1-3, ¶¶ 1-13). **42 U.S.C. § 2000e**. Count 2 is a claim for retaliatory discharge, also pursuant to Title VII (*Id*., pp. 3-5, ¶¶ 1-14). Count 3 is a claim for violation of the Illinois Whistleblower Act, **740 Ill. Comp. Stat. 174/20** (*Id*., pp. 5-7, ¶¶ 1-14). Finally, Count 4 is an Illinois common law claim for retaliatory discharge (*Id*., pp. 7-9, ¶¶ 1-11). Plaintiff asserts that this Court has subject matter jurisdiction over Counts 1 and 2, as they are both federal statutory causes of action, and thus requests the Court to exercise supplemental jurisdiction over her state causes of actions, as plead in Counts 3 and 4.

Regarding her Title VII claims, Plaintiff believes she was a victim of race discrimination based upon her allegations that at one time, she heard Defendant's Administrator refer to African American employees as "primates," and that African Americans employed by Defendant at their Maryville, Illinois location (such as Plaintiff) were often given less favorable work assignments than similarly-situated non-African American employees (Doc. 25, p. 2, ¶¶ 7-8). Plaintiff further believes Defendant terminated her employment largely due to her race (*Id*. at ¶ 9). However, Plaintiff also believes Defendant terminated her employment in retaliation for the grievances she made to Defendant regarding what she believed were discriminatory work assignments, as well as her general "good faith efforts to resist what she believed to be illegal racial discrimination" (*Id*., p. 4, ¶¶ 9-10).

Plaintiff alleges under her Illinois Whistleblower Act claim in Count 3

that Defendant's Administrator approached her and demanded she provide a false and inaccurate statement regarding the conduct of a family member of one of its residents, in light of a pending investigation by the state as to a complaint of patient neglect (*Id.*, p. 5, ¶ 5). When she refused, Plaintiff alleges that although she was meeting her reasonable job expectations, Defendant terminated her employment less than one week afterwards (*Id.*, pp. 5-6, ¶¶ 6-7). Plaintiff's allegations are the same regarding her Illinois common law claim of retaliatory discharge in Count 4, except that instead of a statutory violation, she alleges that she was discharged in contravention to state public policy which prohibits the termination of one's employment as a result of the employee's refusal to provide false testimony or false information on the employer's behalf (*Id.*, p. 8, ¶ 8).

Plaintiff also indicates that she has filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") regarding her Title VII claims in Counts 1 and 2 (*Id.*, p. 2, ¶ 5; p. 3, ¶ 5).[1] The EEOC issued Plaintiff a Notice of Right to Sue, whereby Plaintiff asserts that she timely filed this suit within ninety days of her receipt of the Notice (*Id.*).

### III. DISCUSSION

In its Motion to Dismiss, Defendant argues that because Plaintiff's Charge of Discrimination is still pending before the Illinois Department of Human Rights ("IDHR" or the "Department") (*see* footnote 1, herein), and because the Illinois

---

[1] Plaintiff's Charge of Discrimination was concurrently filed with the Illinois Department of Human Rights ("IDHR") (*see* Doc. 27, Ex. A; Doc. 32, p. 1).

Human Rights Act (the "Act") vests exclusive jurisdiction of all civil rights claims with IDHR, this Court lacks subject matter jurisdiction over Plaintiff's state law claims (Counts 3 and 4) (Doc. 26, ¶¶ 2 & 5). Further, Defendant argues that IDHR also possesses exclusive jurisdiction over cases involving federal claims when they are factually intertwined with state law civil rights claims and therefore, the IDHR has exclusive jurisdiction over Plaintiff's Title VII claims in Counts 1 and 2. As such, Defendant moves for a dismissal of Plaintiff's Amended Complaint due to this Court's lack of jurisdiction, given the assertion that the IDHR possesses exclusive jurisdiction over Plaintiff's claims.

Plaintiff opposes a dismissal, arguing that Defendant misunderstands the law regarding the IDHR's jurisdiction over civil rights claims pursuant to the Illinois Human Rights Act (Doc. 32). In addition, Plaintiff believes Defendant has misconstrued the holdings in the cases it cites supporting its Motion. Ultimately, Plaintiff advocates the position that the IDHR does not possess exclusive jurisdiction over her Title VII claims and that her state claims do not fall within the ambit of the Act, therefore, the IDHR does not have exclusive jurisdiction.

### A.     Rule 12(b)(1)

Defendant makes its Motion pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**, which allows a party to raise as a defense, a federal court's lack of subject matter jurisdiction over Plaintiff's claims. **FED. R. CIV. P. 12(b)(1)**. When a defendant makes this challenge, the plaintiff bears the burden of establishing

jurisdiction. The Court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." ***St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (citation omitted)**. Yet, if necessary, the Court may also look beyond the jurisdictional allegations to evidence outside of the pleadings to determine whether federal subject matter jurisdiction exists. ***Id.* (citations omitted)**.

B.   **Illinois Human Rights Act**

The pertinent provision of the Illinois Human Rights Act (the "Act"), **775 ILL. COMP. STAT. 5/1-101 - 5/10-104**, which Defendant believes divests this Court of subject matter jurisdiction is as follows:

> D) Limitation. Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act.

**775 ILL. COMP. STAT. 5/8-111(D)**.

The Act created the Illinois Department of Human Rights ("IDHR" or "the Department") and the Illinois Human Rights Commission (the "Commission"). **775 ILL. COMP. STAT. 5/1-103(E), (H), 7-101, 8-101(A)**. Generally, the IDHR will investigate charges brought by those claiming civil rights violations, as defined in the Act. **775 ILL. COMP. STAT. 5/1-103(B)-(D), 5/7-101(B), 5/7A-102(C), 5/7B-102(C)**. If the IDRH finds substantial evidence of a civil rights violation, it will file a formal "complaint" with the Commission. **775 ILL. COMP. STAT. 5/1-103(F), 5/7-101(D), 5/7A-102(F), 5/7B-102(F)**. The Commission will then review the IDHR's decision

and adjudicate the civil rights "complaint."  **775 ILL. COMP. STAT. 5/8-103**.

Under the Act, a "civil rights violation" has a limited definition that includes only the specific acts as set forth in Sections 2-102, 2-103, 2-105, 3-102, 3-103, 3-104 (repealed), 3-104.1, 3-105, 4-102, 4-103, 5-102, 5A-102, 6-101, and 6-102 of the Act.  **775 ILL. COMP. STAT. 5/1-103(D)**.  These sections describe the following: employment discrimination, employment discrimination based on arrest record, public contractors, discrimination in real estate transactions, blockbusting, refusal to sell or rent because a person has a guide, hearing or support dog, restrictive covenants based on race, color, religion or national origin, discriminatory loan practices, discriminatory credit card offers, discrimination in public accommodations, civil rights violations in higher education, and additional civil rights violations, including retaliation.  ***See Blount v. Stroud*, 904 N.E.2d 1, 16 n.3 (Ill. 2009)**.

**C.     Analysis**

The first issue before the Court is whether Plaintiff's state law claims fall within the ambit of the Act.  If so, then the Illinois Department of Human Rights ("IDHR") (as well as the Commission) has exclusive jurisdiction over them and they cannot be tried in this Court.  The Court must also examine the issue of whether Plaintiff's federal Title VII claims are "inextricably intertwined" with her state claims so that they too, fall under the exclusive jurisdiction of the IDHR.

### 1. *Blount v. Stroud*

Earlier this year (but subsequent to the Parties' briefings regarding Defendant's Motion to Dismiss), the Illinois Supreme Court issued its opinion in ***Blount v. Stroud*, 904 N.E.2d 1 (Ill. 2009)**, which examined whether a plaintiff's common law claim of retaliatory discharge fell within the exclusive jurisdiction of the IDHR as well as whether the IDHR also had exclusive jurisdiction over federal civil rights claims. The plaintiff in ***Blount*** filed suit in an Illinois circuit court, pleading an Illinois common law retaliatory discharge claim. The plaintiff alleged she was discharged by her employer in retaliation for her refusal to commit perjury regarding a co-worker's discrimination suit, thereby violating Illinois public policy. ***Blount*, 904 N.E.2d at 7**. In examining the issue of whether Section 8-111(D) of the Act vested exclusive jurisdiction to the IDHR over Plaintiff's retaliatory discharge claim (or rather, whether the Act limited other courts' jurisdiction over civil rights claims), the Illinois Supreme Court noted that a "legislative intent to abrogate common law must be clearly expressed." ***Id.* at 9 (citing *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 24 (Ill. 1997)**. Recognizing the limited definition of "civil rights violations" covered under the Act, the Illinois Supreme Court found that the Act defined "retaliation" as a civil rights violation when one:

> Retaliate[s] against a person because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination, sexual harassment in employment or sexual harassment in higher education, discrimination based on citizenship status in employment, or because he or she has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this Act[.]

***Id*. at 7 (citing 775 ILL. COMP. STAT. 5/6-101(A))**.

Next, the Illinois Supreme Court looked to the requisite elements of a common law claim for retaliatory discharge: (1) the plaintiff was discharged from employment; (2) the discharge was in retaliation for her activities; and (3) the discharge violated a clear mandate of public policy. ***Id*. at 9 (citation omitted)**. The plaintiff in ***Blount*** did not allege she was discharged in retaliation for any complaint she made regarding her employer's discriminatory or harassing behavior. She also did not allege her employer discriminated against her or sexually harassed her. Instead, she alleged she was discharged in retaliation for her refusal to commit perjury regarding her co-worker's racial discrimination case against the employer. Firing an employee for refusing to commit perjury was, the plaintiff argued, in violation of Illinois public policy embodied in a state statute criminalizing perjury. ***Id*. (citing 720 ILL. COMP. STAT. 5/32-2 and recognizing that "actions for retaliatory discharge have been allowed where the employee was discharged for refusing to violate a statute, including a statute which makes the commission of perjury unlawful") (collecting cases)**. As such, the Illinois Supreme Court found that the plaintiff had "established a basis for imposing liability on defendants independent of the Act, *i.e.*, without reference to the legal duties created by the Act." ***Id*. (citation omitted)**. Accordingly, because her retaliatory discharge claim did not fall within the ambit of the Act (it was not a specific "civil rights violation" as defined within the Act and not "inextricably linked" to such a civil rights violation), the IDHR

did not have exclusive jurisdiction over her claim pursuant to **775 ILL. COMP. STAT 5/8-111**. *Id.* **at 10**.

Next in ***Blount***, the Illinois Supreme Court examined the issue of whether the plaintiff federal retaliatory discharge claim, made pursuant to **42 U.S.C. § 1981**, was subject to the exclusive jurisdiction of the IDHR. *Id.* **at 11-12**. The plaintiff's § 1981 retaliatory discharge claim alleged that her employer retaliated against her for supporting her co-worker's federal discrimination suit. *Id.* **at 11 (recognizing that a § 1981 claim can be brought where a plaintiff alleges retaliation by employer for complaining about a violation of another person's contract-related right) (citing *CBOCS West, Inc. v. Humphries*, 553 U.S ---, ---, 128 S. Ct. 1951, 1954 (2008))**. Reviewing its own prior opinions regarding the scope of the Act's exclusive jurisdiction, the Illinois Supreme Court observed that its broad holding[2] in ***Mein v. Masonite Corp.*, 485 N.E.2d 312, 315 (Ill. 1985)** was limited to the facts that were before it at the time and that there were no federal claims involved. *Id.* **at 15 (thereby finding that subsequent cases misplaced their reliance upon the holding in *Mein* to find that the IDHR had exclusive**

---

[2] In ***Mein***, the Illinois Supreme Court held:

> The legislature has specifically provided through section 8-111(D) . . . that courts have no jurisdiction to hear independent actions for civil rights violations. It is clear that the legislature intended the Act, with its comprehensive scheme of remedies and administrative procedures, to be the exclusive source for redress of alleged human rights violations.

***Blount*, 904 N.E.2d at 15 (citing *Mein*, 485 N.E.2d at 315)**.

**jurisdiction over federal claims)**.

With federal claims now at issue in ***Blount***, the Illinois Supreme Court found that the Act's administrative procedures and the authority vested in both the IDHR and the Commission only applied to civil rights violations as defined by the Act. ***Id.* at 16**. Therefore, even if the facts giving rise to a civil rights violation under the Act also gave rise to a federal civil rights claim, such claim would not fall within the scope or authority of the Act. In other words, the authority of the IDHR and Commission extends no farther than to administer the Act, which does not encompass federal laws or claims arising therefrom. ***Id.*** As the Illinois Supreme Court succinctly stated: "Thus, a party, like plaintiff here, who wishes to pursue her rights and remedies under federal law may not do so before the [IDHR] or Commission, as these administrative entities have no statutory authority to entertain federal claims." ***Id.***

With this conclusion, the Illinois Supreme Court then examined whether a federal civil rights claim could be brought in a state circuit court (as opposed to first bringing a charge before the IDHR). ***Id.* at 17 ("[S]ection 8-111 of the Act does not demonstrate an intent by the legislature to divest the circuit courts of jurisdiciton over claims filed pursuant to section 1981")**. Ultimately, the Illinois Supreme Court held that the "jurisdictional limitation [of section 8-111(D) of the Act] does not apply to civil rights violations defined by and arising under federal law, as those violations are outside of the scope of the Act." ***Id.*** As such, there was no

apparent reason why the plaintiff in ***Blount*** could not litigate her federal § 1981 claim in state court, as the IDHR did not possess exclusive jurisdiction over them.

2. **Plaintiff's Federal Title VII Claims**

Following the Illinois Supreme Court's precedent in ***Blount***, Plaintiff's federal Title VII claims for race discrimination and retaliatory discharge, as plead in Counts 1 and 2 of her Amended Complaint, do not fall within the exclusive jurisdiction of the IDHR under the Act. Even though they involve Plaintiff's civil rights, because they are federal claims, they fall outside of section 8-111(D)'s jurisdictional limitation. Although ***Blount*** did not speak directly as to whether a plaintiff could bring a federal claim, which was inextricably related to a plaintiff's civil rights, before a federal district court, because it found a federal claim could be pursued in state circuit court, this Court believes the same would hold true for a federal claim pursued in federal court. Accordingly, the Court finds that it has subject matter jurisdiction over Plaintiff's federal Title VII claims.

3. **Plaintiff's Illinois Whistleblower Act Claim and Common Law Retaliatory Discharge Claim**

In this case, Plaintiff states a claim for a violation of Section 20 of the Illinois Whistleblower Act in Count 3 of her Amended Complaint. **740 ILL. COMP. STAT. 174/20**. Section 20 of the Whistleblower Act makes it illegal for an employer to "retaliate against an employee for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation." Plaintiff also brings an Illinois common law claim for retaliatory discharge in Count 4 of her Amended

Complaint. Neither of these claims are based on, or inextricably related to, allegations regarding any type of racial discrimination or sexual harassment towards Plaintiff. Rather, Plaintiff alleges she was discharged for her refusal to commit perjury on her employer's behalf.

This case parallels the state law claims in ***Blount***, where the Illinois Supreme Court found that a common law claim of retaliatory discharge based upon a behavior not explicitly defined within the Act was not subject to the exclusive jurisdiction of the IDHR. ***Id.* at 9-10 (recognizing actions for retaliatory discharge where employee was terminated for refusing to violate an Illinois statute, such as one which criminalizes perjury)**. Therefore, as in ***Blount***, in this case, Plaintiff has "established a basis for imposing liability on [D]efendants independent of the Act . . ." and as such, neither claim can be "'inextricably linked' to a civil rights violation, and the jurisdictional bar of section 8-111 is not triggered." ***Id.* at 9**. Her state law claims as plead in Counts III and IV of her Amended Complaint, in accordance with the Illinois Supreme Court's holding in ***Blount***, can be properly brought in either state circuit court or this Court.[3]

---

[3] Assuming that the Court either exercises supplemental jurisdiction over Plaintiff's state claims or that diversity jurisdiction exists.

## IV. CONCLUSION

As discussed herein, because the Court has found that it has subject matter jurisdiction over all of Plaintiff's claims in her Amended Complaint, Defendant's Motion to Dismiss (Doc. 26) is hereby **DENIED**.

**IT IS SO ORDERED**.

Signed this 15th day of May, 2009.

/s/     David R Herndon
**Chief Judge
United States District Court**